**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2810
_____

ALLEN DUPREE GARRETT
Appellant

v.

PHIL MURPHY,
Governor of the State of New Jersey;
REBECCA FRANCESCHINI,
Captain of Camden County Correctional Facility

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1-20-cv-05235)
District Judge: Hon. Noel L. Hillman

_____

Submitted: February 1, 2022
_____

Before: JORDAN, PORTER, and RENDELL
*Circuit Judges*

(Filed: February 2, 2022)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

We previously discussed the background of this appeal in our decision denying Allen Dupree Garrett's motion to proceed in forma pauperis. *Garrett v. Murphy*, 17 F.4th 419, 424 (3d Cir. 2021). Garrett paid his filing fee on time. We now consider the merits of his appeal.

Garrett's complaint seeks "[i]mmediate release and $100,000,000.00" under section 1983. Complaint at 2, 6, *Garrett v. Murphy*, No. 1:20-cv-05235-NLH-JS (D.N.J. Apr. 28, 2020), ECF No. 1. The grounds for his asserted relief are less clear, but the District Court reasonably construed his complaint as asserting violations of his right to a speedy trial based on the duration of his pre-trial detention and due process based on his conditions of confinement. *Garrett*, 17 F.4th at 424.

The District Court properly dismissed Garrett's speedy trial claim brought under section 1983. A speedy trial claim necessarily seeks dismissal of the indictment and leads to immediate release from confinement, so it must be brought through a habeas petition after exhausting state remedies. *See Wilkinson v. Dotson*, 544 U.S. 74, 79–80 (2005) (immediate release claims must be brought in habeas); *Barker v. Wingo*, 407 U.S. 514, 522 (1972) (speedy trial violation requires "severe remedy of dismissal of the indictment"); *Moore v. DeYoung*, 515 F.2d 437, 447 (3d Cir. 1975) (speedy trial habeas claimant must exhaust state remedies).

The District Court separately dismissed Garrett's due process claim because his complaint was devoid of facts that could give rise to a plausible due process violation. *Garrett*, 17 F.4th at 424. Because Garrett elected to stand on his complaint, we consider

2

only Garrett's complaint before the District Court and ignore his post-judgment filings. Garrett's complaint contains generalized assertions that the COVID-19 pandemic poses a risk to vulnerable inmates like him, but does not allege that he has been denied medical care or otherwise been subjected to extreme prison conditions that shock the conscience. We agree with the District Court that Garrett has not asserted a plausible due process claim.

Once again, Garrett has failed to state any claims under section 1983, so we will affirm the District Court.